No. 26,391.

WILLIS E. SMITH, *Appellant*, v. THE TRI-COUNTY LIGHT AND POWER COMPANY, *Appellee*.

OPINION DENYING A REHEARING.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion denying a rehearing filed February 15, 1926. (For original opinion of reversal see *ante*, p. 123, 243 Pac. 331.)

*S. S. Alexander* and *C. C. Calkin*, both of Kingman, for the appellant.
*Clark A. Wallace*, of Kingman, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Counsel for appellee has filed a motion for rehearing, in which he complains that although other questions were argued this court passed upon but two questions, namely: (1) Were the special findings so inconsistent with the general verdict that the latter could not stand? and (2) Was the jury justified, from the evidence, in finding the value of the barn destroyed to be $900? These were the only questions before this court. The first was raised by defendant's motion for judgment upon the answers to special questions, notwithstanding the general verdict, which motion was sustained by the trial court. The second was raised by plaintiff's motion for a new trial on the question of the amount of damages only, which motion was overruled by the trial court, and appellee makes no complaint now of the decision of this court in so far as it pertains to this question.

As to the first question, counsel's expressed inability to understand may be clarified by the following analysis: A motion for judgment upon the special findings, notwithstanding the general verdict, concedes, for the purpose of the motion, that the findings are supported by the evidence. Barring the question of the answers to special questions being inconsistent with each other, which is not in this case, the motion raises the single question, conceding the facts true as found by the jury in the answers to the special questions, Can the general verdict stand? A ruling of the court upon this motion, if it results in a judgment, is an appealable order. If the motion is sustained and judgment rendered accordingly, the plaintiff may appeal. If it is overruled and judgment rendered on the gen-

Appeal and Error, 3 C. J. p. 510 n. 86; 4 C. J. p. 706 n. 3. Judgments, 33 C. J. p. 1187 n. 71. Trial, 38 Cyc. p. 1930 n. 96.

Smith v. Tri-County Light and Power Co.

eral verdict the defendant may appeal.   But, without respect to whether an appeal is taken, or which party appeals, in considering such motion by the trial court, or in considering the judgment based thereon in this court, the question is, Are the answers to the special questions so inconsistent with the general verdict that the latter cannot stand, conceding the facts to be true as found in the answers to the special questions?   Hence this court did not have before it the question whether the answers to the special questions were sustained by the evidence, nor any question concerning the weight of the evidence pertaining to the answers to any of the special questions.   When an appeal is taken from a judgment of the court upon such a motion there is no necessity of having a transcript of the testimony nor an abstract of the testimony.   Even if the parties have the testimony transcribed and abstracted, such abstract is of no importance in considering the question in this court, and we have, upon motion of the adverse party, stricken such abstracts from the files.

In this case, so far as the appellant desired to raise the question as to the evidence pertaining to the value of the barn, transcript and abstract were necessary.   But they were unnecessary so far as passing upon the question of whether the answers to the special questions were so inconsistent with the general verdict that the latter could not stand, and the testimony was not used or referred to in determining that question.   In the opinion a general statement of what the case was about and how it arose was made, but this was not intended to be, and was not, a decision of the court upon the facts.   The facts, in so far as they controlled the decision of this court, were given in the findings of the jury.

Appellee complains that judgment was ordered upon the general verdict and contends that a new trial should have been granted.   In the court below defendant filed a motion for a new trial, which it withdrew.   This left the matter as though no motion for a new trial on its behalf had been filed.   Defendant chose to stand in the court below upon its motion for judgment in its favor notwithstanding the general verdict, and it must stand there now.   It is argued that the trial court never approved the general verdict.   Aside from any other evidence of approval, the general verdict was sufficiently approved when the court overruled plaintiff's motion to set it aside.

Appellee with his motion for a rehearing presents two affidavits as to newly discovered evidence which we are asked to consider in passing upon the motion.   We shall not consider the affidavits.   In cases

of the nature of this one this court sits as a court of review, not as a trial court. If these affidavits have any merit, a question upon which we express no view, they should have been presented to the trial court.

The motion for rehearing is overruled.